Daniel Ruggiero
The Law Offices of Daniel Ruggiero
275 Grove St., Suite 2-400
Newton, MA 02466
P: (339) 237-0343
E: DRuggieroEsq@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINNE BERNAL, | Case No. |
| Plaintiff, | PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |
| – vs – | |
| GC SERVICES, LP, | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, REGINNE BERNAL ("Plaintiff") located at 118 Park Avenue, Iselin, New Jersey 08830, through her attorney, hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"), located at 6330 Gulfton, Houston, Texas 77081:

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in the city of Iselin, County of Middlesex, New Jersey and is otherwise *sui juris*.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a Limited Partnership conducting business in the state of New Jersey and is headquartered in Houston, Texas.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Defendant conducts business in New Jersey and therefore personal jurisdiction is established.

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. Venue is proper in the United States District Court District of New Jersey pursuant to 28 U.S.C § 1391b because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

10. On or around December 19, 2019, Defendant placed at least three (3) collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at (908) XXX-9183.

13. On or around December 19, 2019, Defendant left at least three (3) voicemail messages on Plaintiff's answering machine.

14. In the voicemail messages, Defendant failed to meaningfully disclose the company's name, the nature of the call, or state that the call was from a debt collector.

15. In the voicemail messages, Defendant failed to disclose the purpose of its calls were to collect a debt allegedly owed by Plaintiff.

16. In the voicemail messages, Defendant directed Plaintiff to call back telephone number (800) 652-7681, which, on information and belief, is a number that belongs to Defendant.

17. Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in telephone calls.

18. Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its telephone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of Plaintiff;

   b. Defendant violated *§1692(d)(6)* of the FDCPA by placing telephone calls without meaningfully disclosing its identity;

   c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

d.  Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt . . . communication is from a debt collector.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

FIRST CAUSE OF ACTION

21. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692(k);

22. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k); and

23. Awarding such other and further relief as may be just, proper and equitable.

**JURY TRIAL DEMAND**

24. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: July 1, 2020                    By:*/s/ Daniel Ruggiero*
                                              Attorney for Plaintiff